FILED
United States Court of Appeals
Tenth Circuit

March 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND L. FLOWERS,

　　Petitioner-Appellant,

v.

BRUCE HOWARD, Warden,

　　Respondent-Appellee.

No. 08-6259

(D.C. No. CV-08-708-W)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

Raymond Flowers, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his 28 U.S.C. § 2254 application for federal habeas relief. Because Flowers

has failed to satisfy the standards for the issuance of a COA, we deny his request

and dismiss the matter.

I

In 1998, Flowers was convicted in Oklahoma state district court of

unlawful possession of a controlled dangerous substance with intent to distribute,

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

and was sentenced to a term of imprisonment of twenty years. Flowers was paroled from this sentence on June 15, 2005. On March 28, 2007, Flowers' parole officer filed a case report indicating that Flowers had violated the rules and conditions of his parole by failing repeatedly to report to the parole officer. On July 19, 2007, the Oklahoma Department of Corrections (ODC) issued a parole violation warrant for Flowers' arrest.

On August 12, 2007, Flowers was the subject of a traffic stop conducted by a police officer from the Potawatomie Nation. The police officer learned of the existence of the parole violation warrant during the course of the stop, and also determined that Flowers was in possession of a controlled substance. Accordingly, the officer placed Flowers under arrest.

On October 1, 2007, Flowers, while still in custody, was presented by his parole officer with a form entitled "Notice of Probable Cause Hearing." The form advised Flowers that he had been charged with violating the rules and conditions of his parole and that "[a] hearing pertaining to the . . . violations w[ould] be conducted to determine if Probable Cause exist[ed] to conduct a parole revocation hearing . . . ." ROA, Doc. 21, Exh. 6 at 1. Flowers formally waived his right to a probable cause hearing by checking a box, and signing his name, on the form. Id. at 2. On October 5, 2007, however, Flowers changed his mind, completed and signed a new "Notice of Probable Cause Hearing" form, and requested a probable cause hearing.

2

Flowers was returned to the custody of the ODC on or about October 10, 2007, and a probable cause hearing was conducted at the ODC's Lexington (Oklahoma) Assessment and Reception Center on October 19, 2007. The hearing officer found there was probable cause to believe Flowers had violated his parole. An executive parole revocation hearing was subsequently conducted on November 15, 2007, and Flowers was found to have violated the rules and conditions of his parole. Consequently, on November 29, 2007, the Governor of the State of Oklahoma issued a certificate of revocation revoking Flowers' parole and ordering him to serve the remaining portion of his original sentence.

In early 2008, Flowers filed an application for post-conviction relief in state district court, arguing that his probable cause hearing was not conducted in a sufficiently timely fashion. The state district court denied Flowers' application on February 25, 2008, concluding that the "minimal delay" in Flowers' case was "well within due process standards." Id., Exh. 16 at 2. Flowers appealed the state district court's decision to the Oklahoma Court of Criminal Appeals (OCCA). On June 10, 2008, the OCCA issued an order affirming the denial of post-conviction relief.

On July 14, 2008, Flowers initiated this action by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Flowers alleged, as he had in state court, that his probable cause hearing was not held in a sufficiently timely fashion and that, as a result, the revocation of his

3

parole violated his due process rights. On October 27, 2008, the magistrate judge assigned to Flowers' case issued a report and recommendation recommending that Flowers' application for federal habeas relief be denied. In support of this recommendation, the magistrate judge noted that the Supreme Court had never established specific time limitations applicable to parole revocation proceedings, and instead simply required that they "be conducted 'within a reasonable time after the parolee is taken into custody.'" ROA, Doc. 27 at 6 (quoting Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Applying this principle to the circumstances of Flowers' case, the magistrate judge concluded that Flowers "received all of the due process procedures to which he was entitled under Morrissey." Id. at 7. Further, the magistrate judge noted that Flowers had "not allege[d] any prejudice as a result of the delay between his detention and the probable cause or final revocation hearings." Id. at 7-8. Thus, the magistrate judge concluded that Flowers "ha[d] not shown that the OCCA's decision was contrary to or an unreasonable application of the Morrissey standard." Id. at 8. On December 3, 2008, the district court adopted the magistrate judge's report and recommendation and denied Flowers' application for federal habeas relief. Judgment was entered that same day.

Flowers filed a timely notice of appeal. The district court construed Flowers' notice of appeal as a request for COA and denied that request. The district court also denied Flowers' request to proceed on appeal in forma pauperis

4

(IFP).  Flowers has now renewed his requests for COA and IFP status with this court.

## II

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After examining Flowers' appellate pleadings and the record on appeal, we conclude he has failed to establish that reasonable jurists could debate whether his habeas petition should have been resolved in a different manner by the district court.  Indeed, we are persuaded that the district court properly identified the clearly established federal law applicable to Flowers' due process claim and correctly determined that Flowers had failed to establish his entitlement to federal habeas relief under the standards of review set forth in 28 U.S.C. § 2254(d).

We therefore DENY Flowers' request for a COA and DISMISS the matter.

5

Flowers' motion for leave to proceed IFP on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge